IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN WILLIAM HODGES,        )<br>                              )<br>        Petitioner,             )<br>                              )<br>   vs.                        )<br>                              )<br>PIMA COUNTY ADULT             )<br>DETENTION CENTER, et al.,     )<br>                              )<br>        Respondents.          )<br>                              ) | No. C 11-5555 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, an inmate in county jail in Pima County, Arizona, filed a habeas corpus petition challenging the living conditions of the jail. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal quotation omitted).

"[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Here, Plaintiff argues that the physical condition of the jail is hazardous, in violation of his constitutional rights. The

preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). Consequently, the instant petition is DISMISSED without prejudice to filing as a civil rights action under 42 U.S.C. § 1983. If Plaintiff does so, the proper venue for such an action is the District of Arizona; Plaintiff must file his complaint in that district, not here. *See* 28 U.S.C. § 1391(b).

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: December 21, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHAWN WILLIAM HODGES,

    Plaintiff,

  v.

PIMA COUNTY ADULT DETENTION CENTER et al,

    Defendant.

Case Number: CV11-05555 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shawn W. Hodges
#148578
AZ State Prison,
Kingman Hualapai
P.O. Box 6639
Kingman, AZ 86402

Dated: December 21, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk